IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**NIEYA ANDIE OWUSU ANSAH**,  )
                               )
           Plaintiff,          )
                               )
      v.                       )   2:24cv1378
                               )   **Electronic Filing**
**SABRINA MCCALL**             )
                               )
                               )
                               )
           Defendant.          )

## MEMORANDUM AND ORDER OF COURT

AND NOW, this 11th day of August, 2025, for the reasons set forth in the memorandum below, IT IS ORDERED that plaintiff's motion to proceed *in forma pauperis* be, and the same hereby is, GRANTED.  The Clerk of Court shall file [1-1] plaintiff's complaint;

IT IS FURTHER ORDERED that plaintiff's complaint be, and the same hereby is, DISMISSED for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted; and

IT FURTHER IS ORDERED that all pending motions be, and the same hereby are, denied as moot.¹

Nieya Andie Owusu Ansah ("plaintiff") commenced this civil action against defendant Sabrina McCall (also known as Sabrina Lawence or Sabrina Kenndybrew) by filing a motion to proceed in forma pauperis and attaching to it a "complaint" asserting a Bivens claim for "identity

---

¹ Plaintiff has submitted a motion for default or default judgement under Fed. R. Civ. P. 55. (Doc. No. 3) at p. 1.  Plaintiff has not set forth any reasoning for such relief beyond the definition of the rule.  Id.  A motion for default requires an opposing party to first be properly served and then fail to respond.  Fed. R. Civ. P. 55.  Because service of process has yet to occur, a motion for default is improper at this juncture.

theft/fraud" as well as "civil rights," "[debt]," "grand felony [theft]," and "criminal violation." Complaint for Violation of Civil Rights (Doc. No. 1-1) at pp. 3-4. Plaintiff identifies defendant as a resident of "Joshua Tree," California and identifies defendant's job as "IHSS." Id. at 2. Plaintiff alleges that she was "put out by roommate" and was "offer[ed] a job by her husband to work on farm." Id. at 4. Plaintiff then states that her "stuff" was at "her house" and that "she" stole plaintiff's "info[rmation] for [a] car loan." Id. Plaintiff knew "nothing" about the alleged car loan and she "never agree[d] to cosign" but she was asked to be a "reference." Id. Plaintiff identifies her damages as "32,500 for fraud" and $9,929 to "repair [her] credit" in addition to "lost wages" for her work on the farm. Id. Plaintiff does not provide further factual information about how defendant was involved in the circumstances giving rise to plaintiff's claim of identity theft or how she is subject to personal jurisdiction in this court.

      The United State Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[2] Roman v Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court finds plaintiff to be without sufficient funds to pay the required filing fee. Thus, she will be granted leave to proceed in forma pauperis.

      Next, plaintiff's complaint is frivolous and will be dismissed because it fails to establish jurisdiction and/or state a claim upon which relief may be granted. In Neitzke, the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which are clearly baseless. Neitzke

---

[2] This provision is now codified at 28 U.S.C. § 1915(e)(2)(B)(i)

v. Williams, 490 U.S. 319, 327-28 (1989).  An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional.  Id. at 328.  In addition, Congress has expanded the scope of 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii).

It is well established that *pro se* plaintiffs are held to less stringent standards than formal pleadings.  Haines v. Kerner, 404 U.S. 519, 596 (1972).  But even under these less stringent standards, plaintiff's complaint fails to establish jurisdiction and/or state a claim upon which relief can be granted.  Accordingly, this action will be dismissed.

If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  The plaintiff "bears the burden of establishing the court has subject-matter jurisdiction."  Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992).  Although there is procedural flexibility for *pro se* plaintiffs, they "cannot flout procedural rules."  Mala v. Crown Bay Marina Inc., 704 F.3d 239, 245 (3d Cir. 2013).

The compliant fails to establish any form of subject-matter jurisdiction.  As an initial matters, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff has indicated she is presenting a claim under "Bivens."  To establish a Bivens claim, a plaintiff must show "1) a person acting under color of law committed the conduct at issue and 2) the conduct deprived the plaintiff of a right, privilege, or immunity protected by the U.S. Constitution or laws of the United States."  Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 395 (1971).

3

Although the complaint notes that this is a "Bivens" claim, plaintiff has not shown that defendant was acting under color of state law. As noted above, such a showing is necessary to establish the claim. Bivens, 403 U.S. 388. And the other factual allegations advanced do not identify any basis to assume a violation has occurred under the Constitution, laws, or treaties of the United States. Therefore, the complaint does not present let alone sufficiently establish an action arising under the Constitution, laws, or treaties of the United States and federal question jurisdiction does not exist.

In addition, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different states." 28 U.S.C. §1332(a)(1). Plaintiff has alleged diversity of citizenship between the parties but has valued her claims in a manner that shows the amount in controversy cannot be satisfied.[3] Therefore, the plaintiff has not alleged sufficient facts to satisfy diversity jurisdiction.

In sum, the complaint fails to establish subject-matter jurisdiction and otherwise fails to state a claim upon which relief can be granted. Accordingly, it will be dismissed.[4]

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

---

[3] Plaintiff provides no connection between her proclaimed loss from the use of her personal information to obtain a loan and any wages she assertedly did not receive for work on the farm.

[4] Generally, a plaintiff is to be granted leave to amend where an amendment might be able to cure deficiencies resulting in the dismissal. Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). This principle does not apply, however, when the record indicates any attempt to do so would be futile. Grayson v. Mayview State Hosp., 293 F. 3d 103, 108 (3d Cir. 2002). Here, plaintiff does not provide facts to support her claims that the "defendant" was involved in or harmed her in a way that would give rise to a "Bivens" claim. Nor does it appear that there is any reasonable basis to assume she might be able to do so. And given her valuation of the harm assertedly caused by defendant, it does not appear that she can remedy the lack of diversity jurisdiction. Therefore, the plaintiff's complaint will be dismissed and the case will be closed.

cc:   Nieya Andie Owusu Ansah
      111 Tecumseh Street
      Apartment #206
      Hazlewood, PA 15207

      (*Via CM/ECF Electronic Mail*)

cc:   Nieya Andie Owusu Ansah
      111 Tecumseh Street
      Apartment #206
      Hazlewood, PA 15207